IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALAVEN CONSUMER HEALTHCARE, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> DRFLORAS, LLC, a Delaware Corporation, <br><br><br><br><br> Defendant. | Civil Action File No.: <br> 1:09-cv-0705-TWT <br><br> **ALAVEN'S <br> RULE 56(f) MOTION FOR <br> CONTINUANCE** |

Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, Alaven requests this Court for a continuance of the summary judgment papers filed by DrFloras (Docs. 10, 24) and, as grounds therefore, states as follows:

DrFloras had not, until its Reply Brief, supplied any Statement of Undisputed Material Facts. Accordingly, DrFloras' belated submission stands in violation of Local Rule 56.1(B)(1).

However, and having now filed its "Statement", DrFloras' Reply Brief has *de facto* become an improper "Replacement" Opening Brief, and which thus presents a multiplicity of arguments <u>only now</u> based upon DrFloras' prejudicially-tardy "undisputed material facts".

1

In that regard, only now has Alaven had the occasion and the ability (a) to examine, for the very first time, DrFloras' summary judgment contentions within the context of DrFloras' alleged "undisputed material facts", and thus (b) to fully assess the extent of discovery required to fairly and comprehensively meet the factual fallacies and evidentiary inequities attendant to DrFloras' summary judgment submission.

Of course, a non-movant cannot know what discovery might assist the Court unless and until the movant has met its duty of revealing what alleged "undisputed material facts" it is asking the Court to rely upon in rendering a decision on summary judgment. In that regard, and as a matter of Public policy, neither the Court nor the non-movant should be forced to speculate on what (if anything) the movant considers to be an "undisputed material fact".

Accordingly, DrFloras should be ordered to provide the Rule 56(f) discovery identified in the attached Declaration of Ashish D. Patel, and for the reasons set forth therein. Alaven submits that the requested discovery will establish yet additional dispositive facts, and controverting evidence as to alleged material facts contained in DrFloras' summary judgment papers.

Moreover, and because DrFloras' defective summary judgment filing has usurped the judicial resource, and the resource of Alaven, a grant of reasonable attorneys' fees would be appropriate, and the same is respectfully solicited.

Respectfully submitted this 29th day of June, 2009.

                                              s/Ashish D. Patel
                                              Ashish D. Patel
                                              Georgia Bar No. 565894
                                              Robert M. Ward
                                              Georgia Bar No. 775401

Kaplan Ward & Patel, LLC
(f/k/a Myers & Kaplan, LLC)
Cumberland Center II, Suite 1400
3100 Cumberland Boulevard
Atlanta, Georgia 30339
(770) 541-7444
(770) 541-7448
Email: apatel@kwpiplaw.com
         rward@kwpiplaw.com

## **CERTIFICATION**

Pursuant to Local Rule 7.1D, counsel for Plaintiff Alaven hereby certifies that this paper has been prepared in Times New Roman Font in 14 point type.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Alaven's Rule 56(f) Motion for Continuance* was electronically filed via CM/ECF in the United States District Court for the Northern District of Georgia, with notice of same being electronically served by the Court to the following:

> David J. Stewart, Esq.
> Jessica E. Jacob, Esq.

Respectfully submitted this 29th day of June, 2009.

> s/Ashish D. Patel
> Ashish D. Patel
> Georgia Bar No. 565894

Kaplan Ward & Patel, LLC
(f/k/a Myers & Kaplan, LLC)
Cumberland Center II, Suite 1400
3100 Cumberland Boulevard
Atlanta, Georgia 30339
(770) 541-7444
(770) 541-7448
Email: apatel@kwpiplaw.com