# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALAVEN CONSUMER HEALTHCARE, INC., )<br>)<br>a Delaware Corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DRFLORAS, LLC, )<br>a Delaware Corporation, )<br>)<br>)<br>Defendant. ) | Civil Action File No.:<br>1:09-cv-0705-TWT |

## RULE 56(f) DECLARATION OF ASHISH D. PATEL

1) My name is Ashish D. Patel, and I am over the age of majority. This Declaration is made on personal knowledge and I am competent to testify to the matters contained herein. This Declaration is further made under Fed. R. Civ. P. 56(f).

2) I serve as lead counsel for the Plaintiff Alaven Consumer Health, Inc. ("Alaven") in the above-captioned case, and thus present this Rule 56(f) Declaration on Alaven's behalf.

3) This Declaration sets forth those areas of discovery needed to establish controverting evidence as to certain of (a) DrFloras' summary judgment contentions, and (b) alleged material facts contained in DrFloras' summary judgment papers.

4) DrFloras contends that supposedly there is no evidence that consumers would search for either of the Parties' competing products on the Internet using the search string "Dr" (or "Doctor") and "colon cleanse" (or some variant of these descriptive words), and that there would thus be no likelihood of confusion. (*See*, Doc. 24, p. 3).  However, Alaven has submitted evidence to the contrary. (*See*, Exhibits B-G to Alaven's Opposition Brief (Docs. 20-3 through 20-8)). Accordingly, discovery into at least the following areas is needed to fully vet this disputed issue:

   (a) Defendant's use, dealings or interfaces with the Internet, including, but not limited to, the creation, maintenance, hosting, modification, and use of the Defendant's website(s), whether <drfloras.com> or otherwise;

   (b) Defendant's use, dealings or interfaces with any Internet search engine (whether Google®, Yahoo®, MSN®, or otherwise), including for example, but without limitation, all Google® AdWord® and AdSense®

accounts, performance details, performance reports, reports or history of purchased keywords, ad quality reports, and billing statements; and,

(c) Defendant's tracking, recordation and/or logging of traceable "hits" to the Defendant's website, and the origin of such hits (e.g., via keyword searching).

5) DrFloras contends that (a) its "colon cleansing product is a wholly unique product that uses DrFloras' proprietary patent-pending PSYLLIMAX™ product" (*see*, DrFloras' Statement of Uncontested Material Facts, No. 3), and that (b) somehow this purported characteristic can have anything to do with a "likelihood of confusion" analysis. Alaven fully disputes DrFloras' contention. In that regard, DrFloras has failed to show:

(a) that consumer confusion in the marketplace between the Parties' competing products is less likely to occur because of this alleged "undisputed fact";

(b) that consumers are more likely to select the DrFloras-branded product over the DrNatura-branded product based on this alleged "undisputed fact";

(c) that the consumer's purchasing decision is in any way influenced by this alleged "undisputed fact";

3

    (d) that consumers even recognize this alleged "undisputed fact" as being an alleged characteristic of the DrFloras product;

    (e) that the alleged "undisputed fact" bears any nexus to the "DrFloras" mark as used in the relevant marketplace; and/or,

    (f) that the alleged "undisputed fact" provides any probative value within the analysis of "a likelihood of confusion".

Accordingly, discovery is required as to each of the foregoing items, and so that Alaven may fully investigate and address the alleged "undisputed fact", and DrFloras' summary judgment contentions premised thereon.

6) DrFloras contends that the Parties' respective trade dress packaging is supposedly a relevant factor in the present "likelihood of confusion" analysis. (*See*, DrFloras' Statement of Uncontested Material Facts, No. 7; *and see*, Doc. 24, p. 7). Alaven wholly disputes DrFloras "trade dress" contention. In that regard, DrFloras has failed to show:

    (a) that consumer confusion in the marketplace between the Parties' competing products is less likely to occur based on the Parties' respective trade dress packaging;

(b) that consumers are provided with any opportunity to simultaneously examine the Parties' respective trade dress packaging, whether in a side-by-side relationship or otherwise, prior to purchasing either product;

(c) that consumers are more likely to select the DrFloras-branded product over the DrNatura-branded product based on any consideration of trade dress packaging;

(d) that the consumer's purchasing decision is in any way influenced by DrFloras' trade dress packaging;

(e) that consumers even recognize DrFloras' trade dress packaging as constituting a "distinguishing factor" of the DrFloras product;

(f) that the alleged "undisputed fact" bears any nexus to the "DrFloras" mark as used in the relevant marketplace; and/or,

(g) that the alleged "undisputed fact" provides any probative value within the analysis of "a likelihood of confusion".

Accordingly, discovery is required as to each of the foregoing items, and so that Alaven may fully investigate and address the alleged "undisputed fact", and DrFloras' summary judgment contentions premised thereon.

7) DrFloras contends that supposedly the existence of mere third-party registrations on the Trademark Register (including the "DR NATURE" mark, the "DR.

SCHULZE'S" mark, and the "DR COLON CLEAN COLON CLEANSER NUTRITIONAL RESEARCH GROUP" mark), is somehow relevant in the present "likelihood of confusion" analysis. (*See*, DrFloras' Statement of Uncontested Material Facts, Nos. 15-22; *and see*, Doc. 24, pp. 5, 6, 8, 9). Alaven submits that the cited third-party registrations are irrelevant and non-probative within the present "likelihood of confusion" analysis.  In that regard, and as the prevailing law does instruct, in the absence of evidence of the extent of actual continuing use of registered marks, mere registrations are entitled to little weight in establishing whether there is likely to be confusion because registrations by themselves do not indicate how the public mind may have been conditioned.  In sum, third-party registrations alone carry little weight as evidence of use in a likelihood of confusion determination. In that regard, Alaven notes the following:

(a) With specific regard to the "DR NATURE" mark, and the "DR COLON CLEAN COLON CLEANSER NUTRITIONAL RESEARCH GROUP" mark, Alaven has found <u>no evidence</u> of any actual continuing use of these marks. (*See*, Exhibits M-R to Alaven's Sur-Reply Brief; Supplemental Declaration of Ashish D. Patel, ¶ 2). Yet additionally, DrFloras has provided <u>no evidence</u> of any actual continuing use by either of these third-

      party registrants of their respective marks within the marketplace -- for any goods or services, and whether as online retail stores, "brick-and-mortar" retail stores, or otherwise.

  (b) With regard to the "DR. SCHULZE'S" mark, Alaven has demonstrated that the "DR. SCHULZE'S" mark (a) represents a *living* person -- i.e., Dr. Richard Schulze (as opposed to the *imaginary* DrNatura), and (b) is used as a house mark on products sold through the <herbdoc.com> website. (Exhibit L to Alaven's Opposition Brief (Doc. 20-13)).  However, DrFloras has presented <u>no evidence</u> of DR. SCHULZE'S (a) extent of use in the market place, (b) level of sales, (c) extent of advertising, and (d) any market interface with any other competing product, including DrNatura.

Accordingly, and for <u>each</u> such third-party registration relied upon or otherwise cited by DrFloras, discovery is needed to assess (a) the extent of actual continuing use (if any) of the mark in the relevant marketplace, (b) the level of sales (if any) attributable to such use, (c) the extent of advertising (if any) of the mark within the relevant marketplace, and (d) the market interface (if any) between the third-party registrant's branded-product and the DrNatura-branded product.

8) DrFloras claims that it "does not" control the infringing affiliate website identified in Alaven's Supplemental Paper (*see,* Doc. 24, p. 12) -- despite the fact that the evidence <u>already of</u> Record establishes that this affiliate website (a) promotes (and apparently exclusively) the DrFloras product line, (b) provides links to the <DrFloras.com> website, and (c) identifies an affiliate code within the link to the <DrFloras.com> website. (*See,* Exhibit B, Doc. No. 21-4 to Alaven's Supplemental Paper (Doc. 21), URL reciting an affiliate identification code ("aid") of "aid=CD74"). Alaven submits that the subject affiliate website is but one of numerous such affiliate websites engaging in equally offensive activities. Accordingly, at least the following discovery is needed to fully vet this disputed issue:

  (a) Inspection of all contracts, agreements and communications concerning or otherwise relating to any and all relationships, including business, professional and personal relationships, between the Defendant DrFloras and any and all affiliates, agents or partners of the Defendant that are responsible for, or otherwise control, supervise or operate, a website that engages in any one or more of the following activities: (1) provides a link to the Defendant's website, (2) promotes, endorses, advertises, markets or sells any of the DrFloras-branded products, (3) provides reviews of any of

      the DrFloras-branded products, and/or (4) provides product comparisons involving at least one of the DrFloras-branded products; and,

  (b) Inspection of all contracts, agreements and communications concerning or otherwise relating to any and all relationships, including business, professional and personal relationships, between the Defendant DrFloras and any business, company or entity (1) in which the Defendant is involved, whether as a partner, member, affiliate, agent, or otherwise, without limitation and regardless of official title or capacity, and/or (2) which is owned, operated or otherwise controlled by the Defendant, in any capacity.

9) DrFloras claims that supposedly it had a "good faith intent" in its adoption of the "DrFloras" mark. (*See*, Doc. 24, p. 10). DrFloras has identified one Carolina Patron as having knowledge of "DrFloras' development, marketing and sales of products bearing the DrFloras mark." (Defendant's Initial Disclosures (Doc. 17, p. 8)). Carolina Patron had previously been sued by DrNatura.com, Inc. (the prior owner of the DrNatura trademark) for meta-tag misuse involving the DrNatura trademark, in the United States District Court for the Southern District of California, Civil Action No. 07-cv-1175-BTM. (*See*, Civil Action No. 07-cv-1175-BTM, United States District Court for the Southern District of California,

S.D.Ca. Doc. 1). Accordingly, and inasmuch as the disputed issue bears on DrFloras' intent, full discovery (including deposition(s)) is necessary to, *inter alia*, ventilate these issues with Ms. Patron, and particularly to the extent that she cooperated with, assisted, or otherwise advised DrFloras in its adoption and promotion of the infringing DrFloras mark.

*Signature follows:*

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

**FURTHER DECLARANT SAITH NOT**

Dated: June 29, 2009

_____
Ashish D. Patel