IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALAVEN CONSUMER
HEALTHCARE, INC.,
a Delaware corporation,

   Plaintiff,

     v.

DRFLORAS, LLC,
a Delaware corporation,

   Defendant.

CIVIL ACTION FILE
NO. 1:09-CV-705-TWT

ORDER

This is a trademark infringement case. It is before the Court on the Defendant's Motion for Partial Summary Judgment [Doc. 9] and the Plaintiff's Motion for a Rule 56(f) Continuance [Doc. 29]. For the reasons stated below, the Defendant's Motion for Partial Summary Judgment [Doc. 9] is GRANTED, and the Plaintiff's Motion for a Rule 56(f) Continuance [Doc. 29] is DENIED.

I. Introduction

Plaintiff Alaven Consumer Healthcare, Inc. manufactures and sells non-prescription herbal supplements and intestinal cleanser products under the primary mark Colonix and the house mark DrNatura. Alaven sells its DrNatura-branded

products directly to consumers through the internet. Defendant DrFloras, LLC manufactures and sells non-prescription herbal supplements and intestinal cleanser products under the mark DrFloras. DrFloras also sells its products directly to consumers through the internet. Alaven sued DrFloras, alleging: (I) federal trademark infringement under § 32(1) of the Lanham Act; (II) federal unfair competition and false designation of origin under § 43(a) of the Lanham Act; (III) false advertising under § 43(a) of the Lanham Act; (IV) trademark dilution under 15 U.S.C. § 1125(c); (V) Georgia common law trademark infringement; (VI) trademark dilution and injury to business reputation under O.C.G.A. §§ 10-1-450 and 451(b); (VII) deceptive trade practices under O.C.G.A. § 10-1-370; (VIII) tortious interference with prospective business and economic advantage under Georgia common law; and (IX) unfair competition under O.C.G.A. § 23-2-55 and Georgia common law. DrFloras now moves for summary judgment on Counts I, II, V, VI , VII, and IX.

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59

(1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III. Discussion

#### A. Federal Trademark and Unfair Competition Claims (Counts I and II)

In a trademark infringement action, the plaintiff must show that the defendant's use of the contested mark is likely to cause confusion among consumers. Frehling Enters., Inc. v. International Select Group, Inc., 192 F.3d 1330, 1335 (11th Cir. 1999). The Eleventh Circuit has adopted a seven-factor test to determine whether a likelihood of consumer confusion exists. The factors include: (1) the strength of the plaintiff's mark, (2) the similarity of the marks, (3) the similarity of the products the marks represent, (4) the similarity of the parties' retail outlets and customers, (5) the similarity of advertising media, (6) the defendant's intent, and (7) evidence of actual confusion. Id. "Of these, the [strength] of [the] mark and the evidence of actual confusion are the most important." Id.

## 1. Strength of the Mark

"The strength of a trademark is essentially a consideration of distinctiveness." Trilink Saw Chain, LLC v. Blount, Inc., 583 F. Supp. 2d 1293, 1310 (N.D. Ga. 2008) (quoting BellSouth Corp. v. Internet Classifieds of Ohio, 1:96-cv-0769-CC, 1997 WL 33107251, at *14 (N.D. Ga. Nov. 12, 1997)). "The stronger the mark, the greater the scope of protection accorded it[;] the weaker the mark, the less trademark protection it receives." Frehling Enters., Inc. v. International Select Group, Inc., 192 F.3d 1330, 1335 (11th Cir. 1999).

The strength of a trademark depends on the mark's classification and the degree to which third parties use the mark or components thereof. See id. at 1335-36. Trademarks may be classified, in descending order of strength, as (1) arbitrary or fanciful marks, which bear no logical relationship to the product that they represent, (2) suggestive marks, which refer to some characteristic of the product that they represent, but for which a leap of imagination is required to get from the mark to the product, (3) descriptive marks, which identify a characteristic or quality of the product they represent, and (4) generic marks. Welding Servs., Inc. v. Forman, 509 F.3d 1351, 1357-58 (11th Cir. 2007). The Plaintiff's mark is suggestive at most. Cf. Soweco, Inc. v. Shell Oil Co., 617 F.2d 1178, 1184 (5th Cir. 1980) (using the mark "Penguin"

for refrigerators as an example of a suggestive mark).[1] Both the prefix "Dr." and the term "Natura" are logically related to nutritional and herbal supplements and require little imagination to connect the mark to the product.

Although suggestive, the trademark is weakened by the frequency with which the prefix "Dr." is used in other trademark registrations for related products. See Frehling, 192 F.3d at 1335; see also Petro Stopping Ctrs., L.P. v. James River Petroleum, Inc., 130 F.3d 88, 93 (4th Cir. 1997) ("The frequency with which a term is used in other trademark registrations is indeed relevant to the distinctiveness inquiry under the first likelihood of confusion factor."); Nutri/System, Inc. v. Con-Stan Indus., 809 F.2d 601, 605 (9th Cir. 1987) (finding "Nutri/System" to be a weak mark because "those in the food and health products field commonly use 'Nutri' as a [suggestive] prefix"); Amstar Corp. v. Domino's Pizza, Inc., 615 F.2d 252, 260 (5th Cir. 1980) ("The extensive third-party uses documented in this case were entitled to much greater weight [in determining the strength of the mark] than were accorded them by the district court."). There are more than 200 active U.S. federal registrations in International Class 5, the registration class for herbal and nutritional supplements and other pharmaceutical products, that incorporate the prefix "Dr.," including 124

---

[1] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding upon panels of the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

registrations for supplements and two registrations for other colon cleanser products. (Def.'s Mot. for Partial Summ. J., Exs. E, F.) This widespread third-party use weakens Alaven's suggestive mark and diminishes the level of protection it is afforded. Accordingly, the first factor favors DrFloras.

        2.     <u>Similarity Between the Marks</u>

To assess the similarity of the marks, courts "compare[] the marks and consider[] the overall impressions that the marks create, including the sound, appearance, and manner in which they are used." <u>Frehling Enters., Inc. v. International Select Group, Inc.</u>, 192 F.3d 1330, 1337 (11th Cir. 1999). However, courts may still "view the component parts of conflicting composite marks as a preliminary step on the way to an ultimate determination of probable customer reaction to the conflicting composites as a whole." J. Thomas McCarthy, <u>McCarthy on Trademarks and Unfair Competition</u>, § 23:41 (4th ed. 2009); <u>see also</u> <u>Sun Banks of Fla., Inc. v. Sun Fed. Sav. & Loan Ass'n</u>, 651 F.2d 311, 316 (5th Cir. 1981) (separately analyzing the strength and similarity of the prefix "sun").

Here, both marks share the prefix "Dr." However, a shared prefix is not dispositive, particularly if the prefix is commonly used by third parties in trademark registrations for related products. For example, in <u>Nutri/System, Inc. v. Con-Stan Industries</u>, the Ninth Circuit held that the marks "Nutri-Trim" and "Nutri/System,"

which both represented products related to weight loss, were not confusingly similar. Nutri/System, Inc. v. Con-Stan Indus., 809 F.2d 601, 607 (9th Cir. 1987). Similarly, in Sun Banks of Florida, Inc. v. Sun Federal Savings & Loan Association, the Fifth Circuit held that the marks "Sun Banks" and "Sun Federal Savings and Loan Association" were not confusingly similar because the prefix "sun" was widely used by third-parties. Sun Banks, 651 F.2d at 316, 319. As noted above, "Dr." is used as a prefix in over 200 active U.S. federal registrations in International Class 5. (Def.'s Mot. for Partial Summ. J., Exs. E, F.) Accordingly, its use by both parties is not dispositive, or even highly persuasive, in the similarity inquiry.

The remaining components are different in appearance, spelling, and pronunciation. The connotations of "Natura" and "Floras" are related to the extent they connote plants and nature but are not sufficiently similar to give rise to confusion. It is relevant here that the products represented by the marks are all-natural herbal supplements. Certainly Alaven cannot claim a monopoly in such a field on all phrases connoting nature or anything related thereto. The designs of the marks are also sufficiently different to avoid confusion. Alaven's mark is red italic lettering on a yellow background with a simple two-leaf design. In contrast, DrFloras' mark is green cursive lettering partially framed by an ivy vine and butterflies. Although both marks incorporate plants, the similarities are insufficient to create confusion,

particularly among herbal supplements. When these component parts are viewed as a whole, it is clear that the overall impressions created by the marks are sufficiently distinct. Accordingly, the second factor favors DrFloras.

        3.      <u>Similarity of Products, Retail Outlets, and Advertising Methods</u>

The Court must also consider the similarity of the products, the similarity of retail outlets and customers, and the similarity of the parties' marketing and advertising methods. Here, both marks represent herbal supplements and intestinal cleanser products marketed and sold through the internet. DrFloras acknowledges these similarities and concedes for purposes of this motion that these factors favor Alaven.

        4.      <u>Defendant's Intent</u>

The sixth factor that the Court must consider is whether DrFloras acted in bad faith in using its mark. To prove that DrFloras acted in bad faith, Alaven must show that DrFloras adopted its mark with the intention of deriving a benefit from Alaven's business reputation or that DrFloras was intentionally blind to confusion between the parties' marks. <u>Frehling Enters., Inc. v. International Select Group, Inc.</u>, 192 F.3d 1330, 1340 (11th Cir. 1999). Alaven asserts that DrFloras' knowledge of Alaven's senior use of its mark creates an inference of bad faith. Although some courts have permitted an inference of bad faith based on knowledge alone, others have concluded

that such an inference in inappropriate in certain circumstances. Compare Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center, 109 F.3d 275, 286 (6th Cir. 1997) ("[T]he use of a contested mark with knowledge of the protected mark at issue can support a finding of intentional copying.") with Amstar Corp. v. Domino's Pizza, Inc., 615 F.2d 252, 263 (5th Cir. 1980). For example, in Amstar Corp. v. Domino's Pizza, Inc., the plaintiff, who used the mark "Domino" for sugar products, sued the defendant, who used the mark "Domino's" for its pizza chain. Although the defendant was aware of "Domino" sugar, the Fifth Circuit held that there was no evidence that he acted in bad faith. Amstar, 615 F.2d at 263. Because there were many differences between the products, the court concluded that knowledge of the senior mark was not enough to show that the defendant tried to "pass off" his goods as those of his competitor. Id.

Here, an inference of bad faith is also inappropriate. As noted above, the marks are different in appearance, spelling, and pronunciation. The only similarity is "Dr.," a commonly used prefix among herbal and nutritional supplements. It seems unreasonable to allow an inference of bad faith based solely on DrFloras' knowledge of such a highly dissimilar mark. Alaven does not cite any additional evidence suggesting bad faith. Instead, it offers only unsupported speculation regarding

DrFloras' motives. Accordingly, this factor favors DrFloras.

 5. Actual Confusion

The final factor that the Court must consider is whether there is evidence of actual confusion. Although the plaintiff is not required to prove any instances of actual confusion to prevail, evidence of actual confusion, or lack thereof, is still relevant to the Court's inquiry. For example, in Sun Banks, the Eleventh Circuit held that this factor weighed against the plaintiff even though the plaintiff presented evidence of actual confusion on several isolated occasions. Sun Banks of Fla., Inc. v. Sun Fed. Sav. & Loan Ass'n, 651 F.2d 311, 319 (5th Cir. 1981) ("Although the record contains several isolated instances of uncertainty whether there was a connection between the two businesses, in light of the number of transactions conducted and the extent of the parties' advertising, the amount of past confusion is negligible.") Here, Alaven does not allege or cite any occasion on which actual confusion occurred. Accordingly, the final factor favors DrFloras.

 6. Balance of Factors

When balancing the seven factors, "[t]he ultimate question remains whether relevant consumers are likely to believe that the products or services offered by the parties are affiliated in some way." Here, the similarity of the products, retail outlets, and advertising methods favor Alaven. However, the strength of Alaven's mark,

DrFloras' intent, the similarity between the marks, and the evidence of actual confusion favor DrFloras. Collectively, these factors carry more weight than those favoring Alaven. The Eleventh Circuit has held that the strength of the mark and the evidence of actual confusion are the most important factors. Frehling Enters., Inc. v. International Select Group, Inc., 192 F.3d 1330, 1335 (11th Cir. 1999). Moreover, district courts have routinely afforded the similarity factor more weight than the three factors favoring Alaven. Accordingly, based on the seven-factor balancing test and related precedent, the Court finds that there is not a likelihood of confusion.

B. State Law Trademark Infringement and Unfair Competition Claims (Counts V, VII, and IX)

Alaven's claims for trademark infringement under Georgia common law and unfair competition under Georgia common law and O.C.G.A. § 23-2-55 are governed by the same standard as Alaven's trademark infringement claims under the Lanham Act. See Jellibeans, Inc. v. Skating Clubs of Georgia, Inc., 716 F.2d 833, 839 (11th Cir. 1983) (applying Lanham Act standard to related Georgia deceptive trade practices and unfair competition counts); Amstar Corp. v. Domino's Pizza, Inc., 615 F.2d 252, 258-59 (5th Cir. 1980). Alaven's claim for deceptive trade practices under O.C.G.A. § 10-1-372 is a hybrid claim seeking relief for injuries caused by alleged mistake, confusion, and deception arising from DrFloras' use of its mark and by alleged false advertising. To the extent the claim alleges injuries based on confusion, it is also

governed by the same standard as Alaven's trademark infringement claims under the Lanham Act. Accordingly, for the reasons stated above, summary judgment is appropriate with respect to Counts V and IX and to Count VII to the extent Alaven's claim alleges injuries based on confusion.

### C. Trademark Dilution and Injury to Business Reputation Under O.C.G.A. §§ 10-1-450 and 451(b) (Count VI)

Alaven also alleges trademark dilution and injury to business reputation under O.C.G.A. §§ 10-1-450 and 10-1-451 in Count VI of the complaint. O.C.G.A. § 10-1-450 addresses trademark infringement and requires that the plaintiff's trademark be registered with the Georgia Secretary of State. Alaven concedes that its reference to O.C.G.A. § 10-1-450 in the complaint was made in error. Accordingly, summary judgment is granted with respect to the portion of Count VI that is based on O.C.G.A. § 10-1-450.

### D. Punitive Damages

Alaven requests punitive damages on all claims. Alaven is not entitled to punitive damages on the claims set forth in Counts I, II, III, IV, and VII. First, for the reasons stated above, summary judgment is appropriate on Counts I and II and portions of Count VII. Therefore, punitive damages are not available. Second, available remedies for Counts I, II, III, and IV, all claims under the Lanham Act, are governed by 15 U.S.C. § 1117(a), and punitive damages are not available under that

section. See Babbit Elecs., Inc. v. Dynascan Corp., 38 F.3d 1161, 1183 (11th Cir. 1994); Getty Petroleum Corp. v. Bartco Petroleum Corp., 858 F.2d 103, 113 (2d Cir. 1988). Finally, remedies for Count VII of the complaint, which alleges deceptive trademark practices under O.C.G.A. § 10-1-372, are limited to equitable relief. Akron Pest Control v. Radar Exterminating Co., 216 Ga. App. 495, 498 (1995).

E. Alaven's Motion for Continuance Under Rule 56(f)

In response to DrFloras' Motion for Partial Summary Judgment, Alaven moves for continued discovery pursuant to Federal Rule of Civil Procedure 56(f). Rule 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

In applying this rule, courts have held that a party opposing a summary judgment motion in this fashion "must conclusively justify his entitlement to the shelter of Rule 56(f) by presenting specific facts explaining the inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Reynard v.

NEC Corp., 887 F. Supp. 1500, 1508 (M.D. Fla. 1995) (quoting SEC v. Spence & Green Chem. Co., 612 F.2d 896 (5th Cir. 1980)).

Alaven contends that additional discovery on six issues could yield evidence that creates a genuine issue of material fact. First, Alaven seeks discovery as to whether consumers conduct internet searches of the terms "dr." and "colon cleanse." (Patel Decl. ¶ 4.) Such a search returns results for both parties' products. Alaven asserts that this increases the likelihood of consumer confusion. However, Alaven does not own any independent trademark rights in "Dr." Without more, the prefix is free for others, even direct competitors, to use. Accordingly, discovery on this issue would not yield evidence sufficient to create a genuine issue of material fact on DrFloras' motion. At most, such evidence would show a similarity between the parties' retail outlets and advertising media, two factors which DrFloras has already conceded for purposes of its motion favor Alaven.

Second, Alaven seeks discovery as to whether DrFloras' product is "a wholly unique product that uses DrFloras' proprietary patent-pending Psyllimax product." (Patel Decl. ¶ 5.) DrFloras has already conceded for purposes of its summary judgment motion that the products are similar. Accordingly, additional discovery would not yield evidence sufficient to create a genuine issue of material fact.

Third, Alaven seeks discovery related to the products' trade dress. (Patel Decl. ¶ 6.) Alaven contends that trade dress is not relevant to the likelihood of confusion inquiry. Even when trade dress is not considered, however, the marks are sufficiently dissimilar to preclude any reasonable jury from finding a likelihood of confusion. Accordingly, any discovery yielding evidence that trade dress is not relevant would not create a genuine issue of material fact on DrFloras' motion.

Fourth, Alaven seeks discovery on the use of the third-party trademark registrations bearing the prefix "Dr." Alaven asserts that evidence of third-party registrations is irrelevant unless accompanied by evidence of actual use. The Court disagrees. Although evidence of actual use strengthens evidence of third-party registrations, the latter is probative independently as well. See Petro Stopping Ctrs., L.P. v. James River Petroleum, Inc., 130 F.3d 88, 93 (4th Cir. 1997) ("The company maintains that only proof that third parties actually use the term PETRO would be relevant. We disagree. The frequency with which a term is used in other trademark registrations is indeed relevant to the distinctiveness inquiry under the first likelihood of confusion factor."); Amstar Corp. v. Domino's Pizza, Inc., 615 F.2d 252, 259-60 (5th Cir. 1980) (criticizing district court for dismissing evidence of third-party trademark uses and registrations "as either long-abandoned; remote as to goods or geography; small, obscure and localized; or used only in shipments to the trade" and

according such evidence "much greater weight than [was] accorded . . . by the district court"). Moreover, Alaven has acknowledged in its response brief and 56(f) declaration that the Dr. Schluze's mark is in use. Accordingly, discovery as to the actual use of the third-party trademark registrations cited by Alaven is unnecessary.

Fifth, Alaven seeks discovery as to DrFloras' affiliate websites. The issue here is whether the parties' marks are confusingly similar under the seven-factor test adopted by the Eleventh Circuit. Alaven has not shown how discovery related to websites allegedly affiliated with DrFloras is probative of any of the seven factors. Accordingly, Alaven is not entitled to additional discovery on this issue.

Finally, Alaven seeks discovery on Carolina Patron's relationship with DrFloras. DrFloras identified Patron as an individual having knowledge of DrFloras' development, marketing, and sales operations. Patron was previously sued by DrNatura.com, Inc. for meta-tag misuse. The lawsuit was dismissed with prejudice without any admission of liability by either party based upon a confidential settlement between the parties. In its response brief, Alaven asserts that Patron's relationship with DrFloras is relevant to show that DrFloras adopted its mark with full knowledge of Alaven's senior mark. However, under the circumstances of this case, knowledge alone is insufficient to establish an inference of bad faith. Accordingly, additional

discovery as to the relationship between Patron and DrFloras will not yield information that could create a genuine issue of material fact on DrFloras' motion.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Partial Summary Judgment [Doc. 9] is GRANTED, and the Plaintiff's Motion for a Rule 56(f) Continuance [Doc. 29] is DENIED.

SO ORDERED, this 4th day of February, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge